BINGHAM v. CAROLINA CENTRAL RAILROAD COMPANY.

(Filed June 10, 1902.)

EVIDENCE—*Sufficiency—Personal Injuries—Negligence—Damages.*
　　Where there is not a scintilla of evidence tending to show that
　　　　plaintiff was injured by negligence of defendant a demurrer
　　　　to the evidence should be sustained.

ACTION by R. J. Bingham against the Carolina Central Railroad Company, heard by Judge *H. R. Starbuck* and a jury, at January Term, 1902, of the Superior Court of MECKLENBURG County.

This is an action to recover damages for personal injuries to the plaintiff, alleged to have occurred through the negligence of the defendant.

Among other allegations in the complaint are the following:

"2. That on the 14th day of April, 1900, and prior thereto, the plaintiff was employed by the defendant company as foreman of the Mason gang, and had charge of the road in such capacity between Pee Dee, N. C., and Rutherfordton, N. C.; that as such foreman it was his duty to look after culverts and keep them in repair over the line of the defendant between said points, and the defendant supplied him with a lever car, together with hands to operate same, and assist in performing the work in the line of his duty.

"3. That on or about April 7, 1900, the plaintiff was directed by the defendant to go to Rutherfordton, N. C., and take four hands with him, together with his lever car, and then start back over the road on his said lever car with the hands, towards Pee Dee, N. C., and inspect the culverts, etc., between those points; that in obedience to said order, the plaintiff and his said hands, together with his lever car, were transported on the train of the defendant to Rutherfordton,

N. C., and then, on the said lever car, came back from Ruther-
fordton, N. C., towards Pee Dee, N. C., inspecting the road as
aforesaid.

"4. That when the plaintiff, on his said lever car, on April
14, 1900, had gotten down about a mile below Lilesville on his
return towards Pee Dee, he saw in front of him on the track a
velocipede car, manned by one person; that the plaintiff and
the hands on the said lever car kept a careful outlook in front
and kept a proper distance behind said velocipede car and
were running at a very slow rate of speed; that the hand in
charge of the velocipede car negligently and carelessly allowed
his coat or some clothing to become entangled in the gearing
of the said velocipede car, which was open and exposed, so
that anything near it could get into same if the party in
charge of the car was not careful; that on account of the said
hand allowing the said clothing to become entangled in the
gearing of the said car, the same ran off the track; that the
plaintiff was keeping a careful watchout, and had his lever
car under control; that immediately upon the accident to the
velocipede car as aforesaid, both he and his hands used every
effort to stop the lever car before it ran into the said veloci-
pede car and avoid injury, but were unable to do so, and as
they ran together the plaintiff was stricken by the said veloci-
pede car and his ankle broken in two places."

The plaintiff, being examined in his own behalf, testified
substantially in accordance with the essential allegations of
his complaint, and particularly as follows: That he was fore-
man of the Mason force of the defendant company; that the
defendant required him to look after waterways and culverts,
and repair them at the instruction of the road master; that at
the time of the injury he had instruction to go over the road
and inspect the culverts, and that he had a lever car and four
men under his control. In answer to a question as to how the
accident occurred, he said: "I got probably a short distance

below the section master's house; I suppose he lives about a mile from Lilesville, and I saw a man on the track with a velocipede car, and I expect he was 150 or 200 yards ahead of me. When I got in thirty feet of him I asked him who he was and where he was going. He made some remark, but I did not understand him; and I saw his coat hanging off the car and the sleeve caught in the gear of the wheel; he shook himself in some way and his coat fell and threw the velocipede from the track."

He further testified that he was going about six miles an hour; that he had gotten within about thirty feet of the velocipede car; that he was running slightly faster than the velocipede because he gained some on it; that when he saw the velocipede derailed he got up and started to touch the lever on his car, and caught the lever in a manner he illustrated, and started across the platform; that he stepped on the handle at the center of the car; that at that moment the car struck him, the velocipede car being higher than the lever car, caught his foot between the two cars and mashed it. From a judgment for the plaintiff, the defendant appealed.

*Maxwell & Keerans,* for the plaintiff.
*Burwell, Walker & Cansler,* for the defendant.

DOUGLAS, J. (after stating the facts). We are always loth to set aside the verdict of a jury upon the ground that there is no evidence to sustain it, especially when the case has been so clearly and fairly presented in the charge of his Honor; but under all the circumstances of this case we are forced to such a conclusion. We see no substantial evidence and by that we mean evidence beyond a mere scintilla, tending to show negligence on the part of the defendant, whose demurrer to the evidence should, therefore, have been sustained. The velocipede car does not appear to have been in a defective condition, or to

have been constructed differently from those in common use. The only act of negligence that could possibly be imputed to the defendant was the bare fact that the man on the velocipede was riding upon his coat. It does not seem to us that an act so simple, and apparently devoid of any possible elements of danger, can be evidence of negligence. The falling of the coat sleeve and its becoming entangled in the gearing seems to have been one of those accidents constantly occurring in human affairs, that seem so simple after they happen, and yet so utterly improbable before they happen, as to be outside the range of human foresight. Pure accidents can not be eliminated by law. All that the law has done is to say that the employer shall exercise reasonable care by himself and servants, to prevent accidents, and the Courts can hold him responsible only when he fails to exercise such care. The employer is not responsible for an accident simply because it happens, but only when he has caused it directly or indirectly by some negligent act or omission of legal duty.

This Court has said in *Brown v. Railway Co.,* 126 N. C., 458: "In the light of subsequent events we may say that it was unfortunate that the defendant did not notify the engineer of the presence of No. 64; but we must not forget the old and homely proverb that 'our hindsights are always better than our foresights.'" In the case at bar we may repeat that in the light of subsequent events it was unfortunate that the man on the velocipede did not take better care of his coat, and equally so that the plaintiff did not remain at a safer distance behind the velocipede. Either precaution would have avoided the accident, and yet neither seemed necessary to the respective parties under the peculiar conditions in which they were placed.

Error.